[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REARGUE/RECONSIDER
During the course of jury selection, the parties to this CT Page 11308 matter reached an agreement to settle the case for the sum of $70,000.00. This settlement was not reported on the record, but the agreement to settle for the sum of $70,000.00 was reported both to the trial Judge, Pittman, J., and to the undersigned in his capacity as presiding judge.[1]
In the course of negotiating the precise wording of the settlement document, the defendants, for the first time, sought to insert a confidentiality agreement into the settlement. There is no dispute that confidentiality was not discussed in the course of the negotiations which led to the $70,000.00 settlement agreement that was reported to the court. Efforts to agree on wording of a confidentiality agreement were unavailing, and the negotiations eventually broke down.
The plaintiffs then filed a motion to compel compliance with the settlement agreement in accordance with the holding ofAudubon Parking Associates Limited Partnership v. Barclay andStubbs, 225 Conn. 804 (1993). Argument on this motion was scheduled before the undersigned on May 24, 1999. During the course of a recess in the hearing on that motion, the parties reached an agreement regarding the terms to be included in the written settlement agreement, which agreement was reported to the court in chambers. Based on the representations made by counsel for the defendants, including the representation that the settlement check would be in the hands of plaintiffs counsel by May 28, 1999, all present felt that there was no need to put the agreement on the record.
The payment, however, was not timely made, and the plaintiff filed a second motion to compel compliance, seeking a) judgment in the amount of $70,000.00 which had represented the settlement agreement; b) interest retroactive to the original February 24, 1999 settlement; and c) sanctions in the form of attorney's fees incurred because of the defendants' non-compliance with their agreement and orders of the court. A courtesy copy of this motion was delivered to the undersigned, who, in light of the rancorous history of the efforts first, to reach a settlement in this case, and, second, to effectuate it, ordered the parties to report for a hearing on June 7, 1999.
At the June 7, 1999 hearing, the undersigned, in accordance with Audubon Parking Associates, supra, entered judgment in flavor of the plaintiffs in the amount of $70,000.00. This was based on the fact that there had been an unambiguous agreement to CT Page 11309 settle the case for that sum, with no additional conditions either stated or implied other than the standard releases and withdrawals. The court concluded that the defendants had delayed effectuation of the settlement for several months as they attempted to inject a confidentiality agreement into the settlement. The court also concluded that the plaintiffs had made efforts to achieve a compromise in this regard, but when negotiations broke down, they had properly sought the aid of the court in enforcing the original settlement agreement.
The court denied the claim for interest at the June 7th hearing, but it indicated that it would impose sanctions on the defendants for their failure to pay the settlement funds in a timely fashion after their explicit representations that they would do so during the court proceedings on the first motion for compliance. The court asked for, and received, affidavits from plaintiffs attorneys reflecting their hours spent and costs in connection with their efforts to enforce the settlement agreement.
The defendants' present "Motion to Reargue/Reconsider" is based on several flawed claims. The first is that the AudubonParking Associates case, supra, does not apply where the terms of the settlement agreement are not clearly and unambiguously reflected on the record." Although the placement of a stipulated agreement on the record is a wise approach to assuring that disputes such as those that occurred here will not take place, nothing in Audubon Parking Associates requires an on-the-record recitation of the agreement. The only requirement is that the agreement be unambiguous. In this case, counsel personally reported their agreement to the undersigned. That agreement was that the defendants would pay to the plaintiff the sum of $70,000.00 in full and final settlement of its claims. Although there was no specific discussion of releases and withdrawals, the attorneys, all experienced practitioners, fully understood that a part of any settlement is the withdrawal of the action and the exchange of releases. The defendants do not claim that at the time of the reporting of this agreement there was any mention of a confidentiality clause. Thus, the unambiguous settlement agreement reported personally to the court, even though not on the record, is in accord with the principles of Audubon ParkingAssociates and is therefore enforceable by the court as a judgment. Additionally, the agreement by the defendants to have paid the $70,000.00 by May 28 was unambiguous. CT Page 11310
The second basis for the claim for reconsideration or reargument is that in Audubon Parking Associates "the court expressly rejected a claim that an award of attorney's fees can be made when entering a judgment upon a settlement contract which does not provide for the payment of attorney's fees." This, however, is not a case in which attorneys fees are being sought or awarded based on the settlement agreement itself. Rather, fees are being awarded as a sanction for the defendants' conduct in failing to abide by the explicit representations by the defendants' counsel that payment would be made by a specified date. When the court stated, in imposing this sanction, that it was not making any specific findings of fault or responsibility, it meant only that it could not determine whether it was the defendants themselves, their insurer, or their attorney who was responsible for the failure to comply with the settlement agreement and the promised payment date. It is undisputed, however, defendants' counsel had promised that the settlement check would be in the hands of plaintiffs counsel by a certain date, that this promise was not kept, and that there was no excuse given for the failure to have accomplished this task.
The third basis for the defendants' motion is the claim that the hearing on the plaintiffs second motion to compel compliance was conducted less than five days from its date of filing in violation of Practice Book Section 11-15, which provides that "matters to placed on the short calendar shall be assigned automatically by the clerk . . . no such matter shall be so assigned unless filed at least five days before the opening of court on the short calendar day." As the defendants themselves acknowledge, however, Practice Book Section 11-13(a) provides that "unless otherwise provided in these rules or ordered by thejudicial authority . . . all motions and objections to request when practicable, and all issues of law must be placed on the short calendar list . . ." (Emphasis added). In this case, the judicial authority ordered the parties to appear for the hearing on the plaintiff's second motion for compliance. It did so because the courtesy copy of the motion provided by the plaintiff suggested that the defendants had failed to honor their representation to the court, a serious matter. The court had the right and even the obligation to schedule a prompt hearing on a matter of such significance.
Fattibene v. Kealey, 18 Conn. App. 344 (1999) provides the defendant with no support. In that case, the party filed its motion for sanctions in open court while appearing at a short CT Page 11311 calendar to argue other matters that had been previously scheduled before the court. The court indicated that it would consider imposing sanctions if it found the opposing party's conduct dilatory, and, after reviewing a subsequently filed objection, it did impose sanctions. The Appellate Court reversed, based on the fact that trial court's decision violated the Practice Book and "the principle they embodied" Id. at 353.
Unlike the situation in Fattibene, the plaintiff's motion here was filed four days before argument. As this was the plaintiffs second motion for compliance with the settlement agreement, the issues raised were hardly new to the defendants, the only additional elements being that they had still not complied with the agreement and with the representations made to the undersigned regarding compliance, and that sanctions were being sought in the form of attorney's fees for the plaintiffs necessary efforts to bring this final motion to the court's attention. Moreover, the defendants did not claim at the June 7 hearing that they were prejudiced in any way by the fact that they had received notice of the hearing four days previously. Indeed, the defendants filed a written objection to the plaintiffs second motion for compliance at the time of hearing on June 7th.[2] Finally, as previously noted, Practice Section 11-13 gives the judicial authority the power to schedule motions outside of the short calendar. Because of the undersigned's schedule as presiding civil judge, the most convenient time for him to hear any motion is on the day that he hears short calendar matters, and he therefore ordered that this motion be written in to be heard following his regularly assigned short calendar arguments. The scheduling of the motion was reasonable under the circumstances previously described, and was well within the authority of the court.
Finally, the defendants claim that the sanction in the form of an award of attorney's fees in connection with proceedings following the date on which the settlement payment was to have been received unfairly punishes them for conduct beyond their control. As indicated previously, the court has no way to determine whether it was the defendants themselves, their insurer or their counsel who bears responsibility for the failure to make payment of the settlement proceeds in accordance with the representations made by defendants' counsel to the court and to the plaintiff. If, indeed, the individual defendants are innocent, they should seek redress from those who are responsible. The plaintiff, however, is surely not at fault and CT Page 11312 should not bear the expense occasioned by the action or inaction of someone in the defendants' camp.
Had the defendants complied with their agreement to furnish the settlement proceeds to plaintiffs counsel at the close of business on May 28, 1999, there would have been no need for a second motion for compliance and no need for sanctions. It is therefore appropriate to limit sanctions to those fees and expenses incurred following the failure of the defendants to have the settlement proceeds in the hands of plaintiffs counsel by May 28 as promised. There is no need for the court to review the actual billings of plaintiffs counsel to make this determination, as suggested by the defendants. The defendants make no credible challenge to the veracity of the affidavits of plaintiffs counsel, and the court therefore awards sanctions in the amount of $1,042.62.
To summarize, the defendants' motion for reconsideration is granted, and the relief requested therein is denied. The motion for reargument is denied. In accordance with the order of the court entered on June 7, 1999, and after consideration of the affidavits of plaintiffs counsel and the objections thereto, the court awards sanctions to the plaintiff in the amount of $1,042.62, representing attorney's fees and expenses reasonably incurred following the defendants' failure to comply with the settlement agreement and to make prompt payment despite their representations that they would do so.
Jonathan E. Silbert, Judge